UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARCIAL ZEPEDA,

    Plaintiff,

v.

PERRY RUSSELL, *et. al.*,

    Defendants.

Case No. 3:21-CV-00251-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

On February 22, 2023, Defendants filed a motion for summary judgment and related documents in this case. (ECF Nos. 29, 30, 31, 32.) The following day, Lovelock Correctional Center returned four of the filings addressed to Plaintiff Marcial Zepada, each with a handwritten note stating, "RTS inmate is PAR." (ECF No. 34.) The Court is aware that "PAR" is a reference to the fact that Plaintiff has been paroled. Pursuant to Local Rule IA 3-1, a party must immediately file with the Court written notification of any change of mailing address. Thus, the Court directed Plaintiff to file a notice of change of address by March 27, 2023 and stayed the case until Plaintiff filed the notice. (ECF No. 35.) Plaintiff was additionally cautioned that his failure to comply with this Court's order would result in a recommendation that this action be dismissed. To date, Plaintiff has failed to comply with this Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to update his address explicitly stated that: "Failure to comply with this rule may result in dismissal of this action." (ECF No. 35.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to update his address.

It is therefore recommended that this action be dismissed without prejudice based on Plaintiff's failure to update his address in compliance with this Court's February 24, 2023 Order (ECF No. 35).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**I.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** without prejudice based on Plaintiff's failure to update his address in compliance with this Court's February 24, 2023 Order (ECF No. 35);

**IT IS FURTHER RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 29) be **DENIED as moot**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: March 28, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**